UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| REPONG SARY, in his capacity as the Administrator of the ESTATE OF SOKHOM MIN,<br><br>v.<br><br>FRANK SHEPERIS; KRISPY KREME DOUGHNUT CORP., and D. L. PETERSON TRUST alias,<br><br>v.<br><br>KINAL SARY | C.A. No. 09-585S |

**ORDER**

This is a wrongful death action. In a prior action, the decedent's estate ("Plaintiff") sued Kinal Sary ("Sary"), who was operating a car occupied by himself and the decedent shortly before they were hit by a Krispey Kreme Doughnut Corp. ("Krispey Kreme") delivery van, resulting in decedent's death. The parties settled for $50,000 and a release. Plaintiff then sued the driver of the van, Krispey Kreme, and the corporate owner of the van ("Defendants / Third-Party Plaintiffs"), who in turn filed a third-party complaint seeking contribution and indemnification from Sary in the event they are found liable to Plaintiff.

Sary has moved for summary judgment, claiming the release absolves him of liability to Defendants / Third-Party Plaintiffs

1

under R.I.G.L. § 10-6-7. Defendants / Third-Party Plaintiffs retort that § 10-6-7 is inapplicable because they and Sary are not "joint tortfeasors." See R.I.G.L. § 10-6-2 (defining "joint tortfeasors"). Because § 10-6-7 by its terms applies only to joint tortfeasors, the determination whether it is applicable cannot be made without a prior finding as to whether Sary and Defendants / Third-Party Plaintiffs are joint tortfeasors. However, it is clear to the Court that the party with the most at stake in this motion is the Plaintiff, because a joint tortfeasor finding may substantially limit Plaintiff's potential recovery against Defendants / Third-Party Plaintiffs. Therefore, Plaintiff is invited to brief the issue of whether Sary and Defendants / Third-Party Plaintiffs are joint tortfeasors within the meaning of the Rhode Island version of the Uniform Contribution Among Tortfeasors Act, R.I.G.L § 10-6-1 et seq. Plaintiff's brief is due by the end of the day on February 28, 2011. Subsequent briefing shall follow the schedule set by the Federal Rules of Civil Procedure, unless otherwise agreed to by the parties.

ENTER:

/s/ WSmm
United States District Judge
William E. Smith
Date: January 24, 2011

2